UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KASIB SHAMSIDEEN,<br><br>         Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | No. 21-CV-7783 (KMK) |
| UNITED STATES OF AMERICA<br><br> v.<br><br>KASIB SHAMSIDEEN,<br><br>         Defendant. | No. 03-CR-1313 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

 Kasib Shamsideen ("Shamsideen" or "Petitioner"), proceeding pro se, has filed a Petition for a Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). (*See generally* Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 1, 21-CV-7783; Dkt. No. 52, 03-CR-1313).)[1] In the Petition, Shamsideen argues that this conviction should be vacated in the

---

[1] Certain of the Parties' papers were filed on Petitioner's criminal docket, Case No. 03-CR-1313, and certain on Petitioner's civil docket, Case No. 21-CV-7783. The docket citations indicate on which docket each document was filed.

wake of the Supreme Court's decision in *Rehaif v. United* States, 588 U.S. 225 (2019). (*See generally* Pet.) For the reasons set forth below, the Petition is denied.

## I. Background

### A. Factual Background

On or about April 1, 2004, Petitioner was charged with unlawful possession of the Firearm following a prior conviction for an offense punishable by imprisonment for a term exceeding one year, in violation of § 922(g)(1) ("Felon-in-Possession Offense"). (PSR ¶¶ 1–2 (03-CR-1313).) Specifically, the prior convictions cited were (i) a November 1994 conviction in Dutchess County Court for Criminal Possession of a Weapon in the Third Degree, a Class D felony, for which the defendant was sentenced in May 1995 to 2 years' to 6 years' imprisonment (the "May 1995 Felony Conviction"), and (ii) a December 1998 conviction in Dutchess County Court for Arson in the Fourth Degree, a Class E felony, for which the defendant was sentenced in January 1999 to 18 months' to 3 years' imprisonment (the "January 1999 Felony Conviction"). (PSR ¶¶ 1–2, 16.) On or about May 6, 2004, Petitioner was convicted of the Felon-in-Possession Offense following a jury trial and, on or about August 31, 2005, sentenced to 39 months' imprisonment and 3 years' supervised release. (Judgment 7 (Dkt. No. 36, 03-CR-1313).)

In September 2007, the United States Probation Office ("Probation") filed a report containing specifications for Violations of Supervised Release (the "2007 VOSR") based on the state narcotics conduct and lodged an accompanying warrant with NYS DOCS. (*See* Mem. from U.S. Probation Office to Chief U.S. District Judge ("Probation Mem.") 2–9 (Dkt. No. 50, 03-CR-1313).) On or about July 17, 2008, Petitioner admitted to a Class A violation in the 2007 VOSR, and was sentenced to a term of time served and resumed the remainder of his term of supervised

release, which was approximately two years and ten months. (*Id.* at 4.) In early 2009, Petitioner was arrested by CPPD in connection with a December 26, 2008 shooting (the "December 2008 Shooting") and initially charged with attempted murder. (*Id.* at 5; *see also* Pet. for Warrant 2 (Dkt. No. 48, 03-CR-1313).) On or about September 11, 2009, Probation filed specifications for Violations of Supervised Release (the "2009 VOSR") for, among other things, the December 2008 Shooting. (*See generally* Pet. for Warrant.) On or about February 22, 2010, Petitioner was convicted following a jury trial in Dutchess County Court of two counts of Criminal Possession of a Weapon in the Second Degree and sentenced to 13 years' imprisonment on each count. On November 19, 2014, the defendant was arraigned on the 2009 VOSR specifications. (*See* Dkt. (Minute Entry for November 19, 2014) (03–CR-1313).) On January 14, 2019, Petitioner admitted to an amended 2009 VOSR specification charging him with possessing a firearm in connection with the December 2008 Shooting. (*See id.* (Minute Entry for Jan. 14, 2019).) On January 31, 2019, the Court sentenced Petitioner to one year and one day of imprisonment in satisfaction of the 2009 VOSR. (*See id.* (Minute Entry for Jan. 31, 2019); Judgment 2 (Dkt. No. 51, 03-CR-1313).)

    B.  Procedural History

Petitioner filed the instant Petition on September 16, 2021, seeking to vacate his sentence. (*See* Pet.) On March 22, 2022, Respondent filed its Opposition to the Petition. (Letter Response in Opp'n ("Opp'n Ltr.") (Dkt. No. 55, 03-CR-1313).

## II.  Discussion

    A.  Standard of Review

A prisoner in federal custody may move to vacate, set aside, or correct his sentence only "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).[2] "Because collateral challenges are in 'tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'" *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995) (abrogated on other grounds)). To prevail on a collateral attack of a final judgment under § 2255, a petitioner must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quotation marks omitted); *accord Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000); *Rodriguez v. United States*, No. 11-CV-2957, 2013 WL 6171618, at *3 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 679 F. App'x 41 (2d Cir. 2017) (summary order).

In ruling on a § 2255 petition, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, a hearing is not required where the petitioner's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). To justify a hearing, the petition "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a

---

[2] 28 U.S.C. § 2255(a) provides, in full:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

hearing, would entitle [the petitioner] to relief." *See Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). Finally, because Petitioner is appearing pro se, the Court construes the Petition and his other submissions "liberally and interpret[s] [them] to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (italics and citation omitted)).

### B. Analysis

As noted, Shamsideen argues that this conviction should be vacated in the wake of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). (*See generally* Pet.). The Petition fails for three independent reasons: (1) it is untimely; (2) it is procedurally defaulted; and (3) it lacks merit.

#### 1. Timeliness

A defendant has one year from the date on which his conviction becomes final to file a motion under § 2255, unless (1) he was prevented from doing so by some governmental action, (2) he can present an issue regarding a right that has been newly recognized by the Supreme Court and made retroactively applicable, or (3) he can present newly discovered facts. *See* 28 U.S.C. § 2255(f); *see also Gil v. United States*, No. 14-CV-1336, 2015 WL 4617235, at *2 (explaining that to be timely, a Section 2255 petition must be filed one year after the latest of: (1) the date the judgment of conviction is final, or; (2) the date on which any government impediment to making the motion is removed, or; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that "right has been newly recognized by the Supreme Court and made retroactively appliable to cases on collateral review," or; (4) the date

upon which new facts could have been discovered (emphasis and quotation marks omitted)). The Motion is untimely under any of these scenarios.

The Petition is entirely predicated on the Supreme Court's decision in *Rehaif*, which was decided on June 21, 2019. *Rehaif* held that a § 922(g)(1) conviction requires proof "that the defendant knew he possessed a firearm and also that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. To begin, *Rehaif* did not recognize a new constitutional right that has been made "retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3), and therefore does not extend the one-year limitations period. *See Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) (holding that *Rehaif* "resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)") (per curiam); *see also United States v. Williams*, No. 19-CR-538, 2022 WL 16636868, at *2 (S.D.N.Y. Nov. 2, 2022) ("*Rehaif* did not announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.").

Even if *Rehaif* were construed to be a retroactively applicable recognition of a new right, the Petition would still be untimely because more than two years passed between *Rehaif*—decided on June 21, 2019—and the Petition—dated September 8, 2021, and received September 16, 2021. *Compare Rehaif*, 588 U.S. at 225 *with* (Pet.). And, Petitioner cites no reason he was prevented from filing his Petition earlier or any relevant newly discovered fact. *See Davis v. Racette*, 99 F. Supp. 3d 379, 387 (E.D.N.Y. 2015) (dismissing habeas petition as time barred where Petitioner had not "shown any extraordinary or severe obstacle that prevented him from timely filing" his petition).

Accordingly, the Petition is denied as untimely.

### 2. Procedural Default

The Petition also fails due to procedural default. Petitioner has failed to point to anything in the record that he first raised on direct review the arguments in his Petition and he does not satisfy any exception for overcoming his default. "In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *see also McCleskey v. Zant*, 499 U.S. 467, 490-91 (1991) (describing interest in finality of criminal adjudications) (superseded by statute in part on other grounds). To overcome this procedural default, a petitioner must show either (1) both cause excusing the default and prejudice resulting from the error of which he complains, or (2) actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Here, Petitioner does not make either showing. For example, Petitioner cannot demonstrate cause for his default because he cannot suggest that he was unable to challenge the sufficiency of the evidence proving the Federal Offense. Indeed, Petitioner went to trial, as was his right, and put the Government to its burden of proof. Petitioner does not contend that he previously challenged the Government's failure to prove the Petitioner's knowledge of his prohibited status. That such a challenge might have been futile pre-*Rehaif* does not excuse the failure, as "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (quotation marks omitted). The issue on appeal in *Rehaif* was litigated in the courts for some time, *Harrison v. United States*, No. 07-CR-757, 2020 WL 4481937, at *4 (E.D.N.Y. Aug. 4, 2020) (noting that the "Federal Reporters were replete with cases deciding [the] central issue" in *Rehaif* (internal quotation marks omitted)), and thus there is no cause for Petitioner's failure to raise the issue during or after trial, *United States v. Bryant*, No. 11-CR-765, 2020 WL 353424, at *3 (E.D.N.Y.

Jan. 21, 2020) (reasoning that petitioner could not demonstrate cause in part because "the issue decided in *Rehaif* was percolating in the courts for years").

Moreover, even if Petitioner could establish cause for his waiver, he cannot demonstrate that his failure to raise the *Rehaif* claim actually prejudiced him. To do so, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also United States v. McKinney*, 60 F.4th 188, 195 (4th Cir. 2023) (same). Here, at the time of offense conduct, Petitioner had in fact been convicted of multiple prior felonies for which he had served in excess of one year in prison; specifically, the May 1995 Felony Conviction, for which he was sentenced to 2 years' to 6 years' imprisonment, and the January 1999 Felony Conviction, for which he was sentenced to 18 months' to 3 years' imprisonment, (*see* PSR ¶¶ 1–2, 16). It is beyond dispute, therefore, that Petitioner had actual knowledge of his prohibited person status and was not prejudiced by the Government's failure, if any, to prove his status, a fact that the Government would have little trouble proving. Thus, it is unsurprising that courts in this District have reached the same conclusion. *See, e.g., United States v. Morales*, No. 06-CV-10217, 2021 WL 4847319, at *3 (S.D.N.Y. Oct. 18, 2021) ("There is no question that Morales was, at the time of the offense, a convicted felon. . . . Morales had been out of prison less than a year after a prison term of approximately six and a half years. These facts are fatal to any suggestion that Morales was unaware of his restricted status . . . ."); *Jones v. United States*, No. 19-CV-9376, 2020 WL 4887025, at *3 (S.D.N.Y. Aug. 19, 2020) (finding no prejudice under § 2255 analysis where petitioner's multiple terms of imprisonment exceeding one year for prior felony convictions established actual knowledge of prohibited status).

For largely the same reason, Petitioner cannot establish his actual innocence. This requires him to show not just legal innocence, but that he is factually innocent of the felon-in-possession charge. *See Bousley*, 523 U.S. at 623. Petitioner has not challenged any other aspect of his conviction and likewise cannot challenge actual knowledge of his prohibited status under § 922(g)(1), given his multiple prior felony convictions and accompanying terms of imprisonment. Accordingly, the Petition is procedurally defaulted.

### 3. Merits

Finally, the Petition lacks any merit. Where a court proceeds to the merits of a petitioner's § 2255 claim, the same "cause and prejudice" standard applies here as in the procedural default context. *See Frady*, 456 U.S. at 166–67 (rejecting the "plain error" standard applicable on direct appeal as insufficiently stringent for collateral challenges). Thus, for the same reasons Petitioner cannot establish cause and actual prejudice to excuse his procedural default, he cannot meet that standard to establish the merits of his *Rehaif* claim. For example, even the Government did not prove the defendant's requisite knowledge of his prohibited status at trial, reliable evidence establishes that Petitioner knew he had been convicted of at least one felony punishable by a term of imprisonment exceeding one year. Indeed, the Government specifically identified the May 1995 Felony Conviction and the January 1999 Felony Conviction as Petitioner's prior felony convictions when charging him. (S*ee* PSR ¶ 2.) Thus, the Petition is also dismissed on the merits.

### III. Conclusion

For the foregoing reasons, the Petition is dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies,

9

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and finding that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of Court is respectfully directed to enter judgment for Respondent in Case No. 21-CV-7783, close Case No. 21-CV-7783, and mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:   September 29, 2025
         White Plains, New York

                                                          _____
                                                          KENNETH M. KARAS
                                                          United States District Judge